**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **C.H.-1 and A.H.**

**No. 18-0573** (Braxton County 17-JA-42 and 17-JA-43)


## MEMORANDUM DECISION

Petitioner Father C.H.-2., by counsel Jared S. Frame, appeals the Circuit Court of Braxton County's May 25, 2018, order terminating his parental rights to C.H.-1 and A.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Michael W. Asbury Jr., filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he failed to acknowledge the conditions of abuse and neglect, denying his motion for a post-adjudicatory improvement period, and finding no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future as a basis for the termination of his custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 12, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner's home was deplorable and that he and the mother used illegal substances in the home. The DHHR alleged that "clutter and trash" covered the inside of the home. Additionally, there was little food in the home, and what food was there was covered in mold. Further, the DHHR alleged that the home was infested with cockroaches. According to the DHHR, the mother did not live in the home, but she was aware of petitioner's substance abuse and aware that other people who abused substances came into the home when the children were present. Additionally, petitioner was aware of the mother's substance abuse issues and allowed the children to leave the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, they will be referred to as C.H.-1 and C.H.-2, respectively, throughout this memorandum decision.

home with her. The children disclosed to a DHHR worker that the older child was the younger child's primary caretaker. The children also disclosed that their parents fight after their mother has been "smoking dope." The children's school provided the DHHR with a photograph of cockroaches crawling out of the younger child's backpack. The DHHR further alleged that in 2015 petitioner was placed on supervised probation by the circuit court following his conviction on a charge of delivery of hydrocodone. In May of 2017, petitioner violated his probation by screening positive for methamphetamine. He also violated his probation when drug paraphernalia was found in his home. The circuit court granted petitioner phone calls with the children for ten minutes, twice per week.

On October 20, 2017, the circuit court held an adjudicatory hearing. The DHHR presented the testimony of two Child Protective Services ("CPS") workers and an employee from the children's school. Petitioner testified on his own behalf. The circuit court found that petitioner failed to protect the children by allowing them to leave his home with the mother because he knew that she was addicted to substances. Further, the circuit court found petitioner's home to be unsafe for the children due to the cockroach infestation, mold problem, and lumber and debris scattered throughout the yard. Also, the home did not have adequate food for the children. Accordingly, petitioner was adjudicated as an abusing parent. The circuit court ordered the DHHR to assist petitioner with obtaining extermination services to address the cockroach infestation and further ordered the DHHR to later inspect the home to determine if it was fit and suitable for the children. The circuit court ordered that the telephone contact between petitioner and the children continue.

In January of 2018, the DHHR recommended the termination of petitioner's parental rights because he failed to participate in services. On March 2, 2018, the circuit court held a dispositional hearing during which petitioner requested an improvement period, but the circuit court denied that request. The DHHR presented evidence that petitioner tested positive for amphetamines and methamphetamine on a drug screen in November of 2017, that he was on home incarceration, and that he had pending federal drug-related charges against him. However, subsequent to November of 2017, petitioner's drug screens remained clean. The DHHR also presented evidence that petitioner had been complying with services for a few weeks prior to the dispositional hearing, but that his home remained unsuitable for the children. Following the presentation of evidence, the circuit court found that petitioner "failed to accept responsibility for his actions, failed to take appropriate actions to protect his children and will not correct the conditions out of which this abuse and neglect petition has arisen." The circuit court further found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his custodial rights was in the children's best interests. The circuit court based its decision to terminate only petitioner's custodial rights due to the strong bond between petitioner and the children. The circuit court ordered that if petitioner continued to produce clean drug screens, he may have supervised visitation with the children, at the paternal grandmother's discretion. Ultimately, the circuit court terminated

petitioner's custodial rights in its May 25, 2018, dispositional order. It is from this order that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court erred in finding that he failed to acknowledge the conditions of abuse and neglect and denying his motion for a post-adjudicatory improvement period. In support, petitioner asserts that he accepted responsibility for his actions, that he has a strong bond with his children, and that he complied with services during the proceedings. We do not find these arguments persuasive.

Pursuant to West Virginia Code § 49-4-610(2), the circuit court may grant a parent a post-adjudicatory improvement period if the parent "moves in writing for the improvement period" and "demonstrates, by clear and convincing evidence, that the [the parent] is likely to fully participate in the improvement period[.]" Additionally, we have stated that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015). We have also held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

---

[2]The children's mother's parental and custodial rights were terminated below. According to respondents, the permanency plan for the children is legal guardianship with the paternal grandmother.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)).

Although petitioner asserts that he accepted responsibility for the conditions of abuse and neglect, he points to no evidence in the record to support his assertion. While petitioner does not deny that he tested positive for substances in November of 2017, he attempts to minimize his violation of the circuit court's orders to remain free from substances. Petitioner also fails to acknowledge numerous other conditions of abuse and neglect including the fact that his home was unsuitable for the children; that he let the children leave with their mother, despite his knowledge of her substance abuse issues; and that his home had little food and was infested with cockroaches. While petitioner also argues that he complied with services, he fails to acknowledge that he did not begin complying with services until just prior to the dispositional hearing. Further, petitioner argues that he had a strong emotional bond with the children. However, a strong emotional bond is not a consideration when determining whether to grant an improvement period. Moreover, the circuit court did, in fact, consider petitioner's strong bond with the children at disposition and ultimately terminated only his custodial rights. Because petitioner failed to meet the burden to receive an improvement period, and the same would have been futile, we find no error in the circuit court's decision to deny petitioner a post-adjudicatory improvement period.

Further, we find no error in the circuit court's termination of petitioner's custodial rights. Petitioner alleges that the circuit court based its decision to terminate his custodial rights on its finding that he failed to acknowledge the conditions of abuse and neglect. He further argues that the circuit court erroneously found no reasonable likelihood that he could substantially correct the conditions of neglect in the near future. In support, petitioner reiterates his argument that he complied with services and also argues that he made some improvements to his home. We do not find this argument persuasive.

Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate custodial rights upon finding that there is no reasonable likelihood the conditions of neglect can be substantially corrected in the near future and when necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]" Here, petitioner admittedly tested positive for illegal substances during the proceedings in November of 2017. As discussed above, he failed to acknowledge numerous conditions of abuse and neglect and did not begin participating in services until just prior to the dispositional hearing. Because petitioner refused to acknowledge issues of neglect in the instant proceedings, it is clear that there was no reasonable likelihood that he could correct those issues. Further, because the record shows that at the time of the dispositional hearing petitioner's home was still not in a fit and suitable condition for the children, the termination of petitioner's custodial rights was in the children's best interests. The circuit court did consider petitioner's bond with his children. However, the termination of petitioner's custodial rights was necessary for the children's welfare in order to

achieve permanency. Therefore, we find no error in the circuit court's termination of petitioner's custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 25, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 19, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment